IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERNST REUTER,

    Plaintiff,

v.

NORIDIAN MUTUAL INSURANCE COMPANY,

    Defendant.

Civ. No. 6:16-cv-02243-MC

ORDER

**MCSHANE, Judge**:

    Plaintiff *pro se* filed his original complaint in state small claims court.[1] Plaintiff used and filled out the standard one-page form from the small claims department and alleged defendant Noridian Mutual Insurance owed him the sum of $2,000 plus interest and fees. Notice of Removal Ex. A, ECF No. 1. In the two empty lines provided to "briefly describe reason for the claim" plaintiff wrote "Noridian issued a check that bounced then issued another over a year later and that bounced." *Id*.

    Rather than resolving expeditiously and cheaply what appears to be a simple matter in small claims court, defendant has brought in *pro hoc vice* counsel who has removed the matter to

---

[1] *Reuter v. Noridian Mutual Insurance*, 16SC42839, Lane County Circuit Court, State of Oregon

1 – ORDER

federal court and now moves to dismiss. The small claims court was certainly a more accessible forum to a pro se plaintiff and this court fears that the removal to federal court may act as an intimidating roadblock to the resolution the plaintiff's claim. I hope that this is not the case and that the plaintiff feels comfortable responding to this matter despite the more formal nature of our rules. Nonetheless, the Court agrees with defendant's assessment of the complaint, that it contains limited information and only a generic allegation that Noridian Mutual Insurance owes plaintiff a sum of money plus interest and fees. Notice of Removal 3, ECF No. 1

      The allegations, appreciating that the plaintiff filed them in small claims court using a standardized form, do not state a claim for which relief is plausible pursuant to Fed. R. Civ. P. 12(b)(6). The claim is only that money is owed by the named defendant and does not allege facts behind the existence of the alleged debt. A defendant in reading the complaint can only speculate as to the circumstances of the debt and is prejudiced in their ability to answer or raise adequate defenses. Defendant has appropriately filed a motion to dismiss on those grounds. Def.'s Mot. 8-9, ECF No. 5.

      To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To raise a right to relief above the speculative levels the plaintiff must plead affirmative factual content, as opposed to any merely conclusory recitation, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Moss v. United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009). Because the

complaint does not contain factual allegations sufficient to "raise a right of relief above the speculative level" plaintiff's complaint is dismissed but with leave to amend.

Defendant's Motion to Dismiss, ECF No. 5, is GRANTED. Plaintiff's claims are DISMISSED. **Plaintiff is allowed 30 days from the date of this order to file an amended complaint curing the deficiencies identified above, otherwise this action with be dismissed with prejudice. If the plaintiff wishes to consult with an attorney to determine how best to proceed, this court will make efforts to appoint pro bono counsel for such a consultation. If plaintiff wishes the court to appoint pro bono counsel for this limited purpose, plaintiff should contact Judge McShane's courtroom deputy, Charlene Pew, at 541-431-4105.** IT IS SO ORDERED.

Dated this 12th day of January, 2017.

                                                      _/s/Michael J. McShane_
                                                       **Michael J. McShane**
                                                **United States District Judge**